Totten, J.
delivered the opinion of the court.
The action is trover for the wrongful conversion of a buggy. The verdict was for defendant, and the plaintiff’s motion for a new trial, being overruled, he has appealed in error to this court.
The material facts of the case, are these: In 1849, the plaintiff made an agreement with W. H. Cayce, a coach-ma *207 ker, for a buggy of a given description, to be made by said Cayce at the price of one hundred and ten dollars.
A buggy, intended for plaintiff was made and completed, except- the painting and trimming, and on the 13th August, 1849, in a settlement between plaintiff and Cayce, the contract about the buggy was modified, and it was agreed that plaintiff should have the buggy, that was intended for him, in an unfinished state at $95, and Cayce was to paint it. Plaintiff was desirous to take it as it then was and to finish it himself, as he was a coach-trimmer by trade, but Cayce regarding his reputation as a tradesman, was not willing to entrust the painting to plaintiff, nor to deliver the buggy until that was done.
The price of $95 was then paid in the settlement, and the deduction made in the price was equivalent to the cost of trimming the buggy. Before its delivery to the plaintiff and while yet in Cayce’s possession, it was taken in execution by defendant, a constable of Rutherford and sold by him, as Cay-ce’s property.
In the instructions to the jury, the court said, if the agreement was that Cayce was to paint the buggy before delivery, or if Cayce refused to let it go out of his shop until it was painted, the title was not complete in the plaintiff for want of delivery.
It is certainly true, as a general proposition, that in a contract for building or making an^t thing, not existing in specie at the time, no property vests in the purchaser, during the progress of the work, nor until the thing is finished and delivered, or at least, ready for delivery and approved by the purchaser. Clark vs. Spence, 4 Adol. & Ellis, 448. Mucklow vs. Mangby, 1 Taunton R. 319.
If, therefore, the case stood upon the original contract for a buggy at a given price, no property would vest in the purchaser, until the completion and delivery of the article or its *208 approval by the purchaser and appropriation to him, for that is equivalent to an actual delivery.
But this rule is subject to just and reasonable exceptions, as will be seen in Wood vs. Russell, 5 Barn. & Alder. 742, Clark vs. Spence, 4 Adol. & Ellis, 448, Laird vs. Burlinson, 2 Meeson & Welsby R. 614.
In Wood vs. Russell, a person contracted with a ship builder to build him a ship, and was to pay him stated amounts as the work progressed. Before its completion, the builder signed a certificate, to enable the purchaser to have the ship registered in his own name. It was held, that by this act, the general property in the ship was, from that time, vested in the purchaser.
Abbott, C. J. in delivering the opinion further says : The payment of these instalments appears to ns to appropriate specifically to the defendant (purchaser) the very ship so in progress, and to vest in the defendant a property in that ship, and that, as between him and the builder, he is entitled to insist upon the completion of that very ship, and that the builder is not entitled to require him to accept any other.
The case of Clark vs. Spence, was also a contract for the building of a ship, the price to be paid by instalments as the work progressed, and an agent of the purchaser was to superintend the building. The work progressed, and payments were made, but the builder become a bankrupt before the ship was completed.
In an action of trover, by the purchaser, against the assignees of the bankrupt, for the ship, it was held, that on the payment of the first instalment, the property in the portion of the ship then finished, became vested in the purchaser, subject to the right of the builder, to retain it, for the purpose of completing the work and earning the rest of the price. And the court say, “the rights of the parties will then be in the same state, as if so much of the vessel as is then constructed, *209 had originally belonged to the purchaser, and had been delivered by him to the builder, to be added to and finished; and it will follow, that every plank and article subsequently added will, as added, become the property of the purchaser as general owner.”
In Laird vs. Burlinson, the doctrine of these cases, is referred to and approved.
These cases prove that where a ship or other thing is ordered to be made, and before the completion the purchaser approve it so far as it has been constructed, and advance his money for it, with the understanding that it shall be finished and delivered to him, the title vests in the purchaser before the completion and delivery. The principle rests upon these facts, that the ship or other thing which is ordered, so far as it has been made, is approved by the purchaser and appropriated by the maker, with the intention that it shall be completed, in conformity to the contract, and be delivered to the purchaser. These circumstances would be, as we have seen, equivalent to an actual delivery of an article, which had been entirely completed.
Now, to apply these principles to the case before us, it is to be observed that it is a contract for a certain and specific buggy, then made, except the painting and trimming; the vendor was to paint it and then deliver it. The price was agreed upon and paid in the settlement, and it had reference to the agreement, that the maker was to paint the buggy and deliver it in a state of incompletion at a less price than was originally stipulated, and the purchaser was to be at the chárge of trimming it as he desired.
This was an approval of the article so far as it was completed, and an appropriation of it to the purchaser, in consideration of a price paid to the maker. The effect of this agreement was, to pass the title to the purchaser at the time, before the completion and delivery, subject to the right of the *210 maker to retain the possession for the purpose of completing the article and of earning the price agreed to be given for its completion.
It will be seen, therefore, that we consider the instructions given by the court to the jury, erroneous, and as this is decisive of the case, it is not necessary that we allude to the other questions made upon this record.
The judgment will be reversed, and the cause remanded.